FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 06, 2018

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

BARRY CHAPMAN, husband; and JESSIE NORRIS, wife,

Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY COMPANY, a foreign company,

Defendant.

NO: 2:17-CV-225-RMP

ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER

BEFORE THE COURT is the parties' stipulated motion for entry of a protective order, ECF No. 18. Having reviewed the protective order and the remaining record, the Court finds good cause to grant the stipulated motion and enter the agreed-upon protective order.

Accordingly, IT IS HEREBY ORDERED that the parties' agreed motion for protective order, **ECF No. 18**, is **GRANTED**. The protective order in effect is set forth below.

///

## PROTECTIVE ORDER

### A. PURPOSES AND LIMITATIONS

Discovery in this action involves production by Defendant State Farm Fire and Casualty Company ("State Farm") of confidential, proprietary, trade-secret, or private information (hereafter referred to collectively as "confidential information") for which special protection is warranted. Accordingly, the Court enters the following Stipulated Protective Order. The Parties have acknowledged that this agreement is consistent with Fed. R. Civ. P. 26(c). It does not confer blanket protection on all of State Farm's disclosures or responses to discovery. The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle Parties to file confidential information under seal.

### B. "CONFIDENTIAL" MATERIAL

"Confidential" material shall include, but not be limited to, the following documents and tangible things produced by State Farm:

- Training materials or other guidelines or instructions regarding relevant topics;
- Materials relating to evaluation of claim personnel involved in handling and/or adjusting the subject claim.

The designation of material as confidential or trade secrets shall be made by State Farm only after a bona fide determination that the material contains trade secrets or confidential research, development, proprietary, claims handling philosophies, insurance pricing, or other valuable information developed through State Farm's industry experience and creative efforts or any other exclusive industry information, or that the material is otherwise of such a sensitive nature that it should be protected from unlimited disclosure under Fed. R. Civ. P. 26(c).

**C. SCOPE**

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material. However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

This Order applies to and is binding on all Parties in this action.

**D. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

**1. Basic Principles.**

The Parties may use confidential material that is disclosed or produced by any of the defendants in connection with this case only for prosecuting, defending,

or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by the Parties at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

**2. Disclosure of "CONFIDENTIAL" Information or Items.**

Unless otherwise ordered by the court or permitted in writing by State Farm, the Parties may disclose any confidential material only to:

(a) the Parties' counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Court, court personnel, and court reporters and their staff;

(d) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(e) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by State Farm or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

## E. DESIGNATING PROTECTED MATERIAL

### 1. Exercise of Restraint and Care in Designating Material for Protection.

State Farm must take care to limit its designations of information or items for protection under this agreement to specific material that qualifies under the appropriate standards. State Farm must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose State Farm to sanctions.

If it comes to State Farm's attention that information or items that it designated for protection do not qualify for protection, State Farm must promptly notify all other Parties that it is withdrawing the mistaken designation.

**2. Manner and Timing of Designations.**

Except as otherwise provided in this agreement (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) Information in documentary form: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), State Farm must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, State Farm also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) Testimony given in deposition or in other pretrial or trial proceedings: the Parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to State Farm's right to so designate other testimony after reviewing the transcript. State Farm may, within fifteen days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential.

(c) Other tangible items: State Farm must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, State Farm, to the extent practicable, shall identify the protected portion(s).

**3. Inadvertent Failures to Designate.**

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive State Farm's right to secure protection under this agreement for such material. Upon timely correction of a designation, the Parties must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

## F. CHALLENGING CONFIDENTIALITY DESIGNATIONS

### 1. Timing of Challenges.

The Parties may challenge a designation of confidentiality at any time. Unless a prompt challenge to State Farm's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, the Parties do not waive their right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

### 2. Meet and Confer.

The Parties must make every attempt to resolve any dispute regarding confidential designations without Court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

### 3. Judicial Intervention.

If the Parties cannot resolve a challenge without Court intervention, State Farm may file and serve a motion to retain confidentiality. The burden of

persuasion in any such motion shall be on State Farm. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All Parties shall continue to maintain the material in question as confidential until the Court rules on the challenge.

## G. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If any party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," she, he, or it must:

(a) promptly notify State Farm in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by State Farm whose confidential material may be affected.

## H. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a party learns that, by inadvertence or otherwise, she, he, or it has disclosed confidential material to any person or in any circumstance not authorized

under this agreement, she, he, or it must immediately (a) notify in writing State Farm of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**I. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When State Farm gives notice to the Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Parties are those set forth in CR 26(b)(6).

**J. NON-TERMINATION AND RETURN OF DOCUMENTS**

Within 60 days after the termination of this action, including all appeals, the Parties must return all confidential material to State Farm, including all copies, extracts and summaries thereof. Alternatively, the Parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the Court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until State Farm agrees otherwise in writing or a court orders otherwise.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** July 6, 2018.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge